# Jury Instructions

## *Yates*

## *v.*

## *Maxwell*

## 5:02cv-49-R

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

INSTRUCTION NO. 1

Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proven their case against the Defendants by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

Your answer to any question must be unanimous. That is, all ten (10) members of the jury must agree on any answer to the question and verdict.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

## INSTRUCTION NO. 3

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 4

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it all. But you should act reasonably and carefully in making these decisions.

You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 5

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but the notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

INSTRUCTION NO. 6

It was the duty of Marius Maxwell, M.D. in treating the Plaintiff, Richard Yates, to exercise the degree of care and skill expected of a reasonably competent neurosurgeon acting under similar circumstances.

Are you satisfied from the evidence that Marius Maxwell, M.D., failed to comply with this duty and that such failure was a substantial factor in causing injury to Richard Yates:

Yes_____         No\_\_\_✓_____

████████████████████                                   4/14/06
FOREPERSON                                             DATE

(If you answer yes, please proceed to Instruction Nos. 7, 8, 9 and 10; if no, please return to the Courtroom)

## INSTRUCTION NO. 7

In considering the Plaintiffs' damages claims, there is no claim for damages caused by the infection and those expenses and damages are not to be included in any award for the Plaintiffs.

INSTRUCTION NO. 8

The Plaintiff, Richard Yates, had a duty to act reasonably under the circumstances to mitigate his damages and to avoid those consequences which are or which may reasonably have been avoided in terms of his lost wages and the impairment of his power to labor and earn money.

INSTRUCTION NO. 9

If you answered "yes" to Instruction No. 6, you will determine from the evidence and award Richard Yates a sum or sums of money that will fairly and reasonably compensate him for such of the following damages as you believe from the evidence he has sustained directly by reason of the act or acts of the Defendant:

A) Reasonable Medical Expenses he has incurred:   $_____
(not to exceed $250,212.45, the amount requested by the Plaintiff)

B) Future medical expenses he is reasonably certain to incur in the future:   $_____
(not to exceed $643,685.78, the amount requested by the Plaintiff)

C) Physical and mental suffering he sustained in the past and is reasonably certain to endure in the future:   $_____
(not to exceed $3,000,000.00, the amount requested by the Plaintiff)

D) Lost wages to date and permanent impairment of his power to earn money in the future:   $_____
(not to exceed $1,063,844.00, the amount requested by the Plaintiff)

_____
TOTAL

_____                          _____
FOREPERSON                                   DATE

INSTRUCTION NO. 10

If you find for the Plaintiff, Richard Yates, you will determine from the evidence and award Ruth Yates a sum of money that will fairly and reasonably compensate her for whatever loss of services, assistance, aid, society, companionship and conjugal relationship of her husband, Richard Yates, you believe she has sustained or is reasonably certain to sustain in the future as a direct result of his injuries.

$_____
(not to exceed $500,000.00, the amount requested by the Plaintiff)

_____            _____
FOREPERSON                                                              DATE

INSTRUCTION NO. 11

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 12

One last Instruction. You should not consider my rulings to reflect how I feel about the case. Any statements I have made were not intended nor should they be taken as indicating what your verdict should be in this case – that is solely your decision