UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:02cv-49-R

RICHARD YATES, and his wife,
RUTH YATES,                                                                                           PLAINTIFFS

v.

MARIUS MAXWELL, MD, et al,                                                                DEFENDANTS

**OPINION AND ORDER**

This matter comes before the Court on the Defendants' Motion to Recover Expenses Associated with Deposing the Plaintiffs' expert witnesses, Dr. Robert Meriwether, M.D., and Dr. Sean McDonald, M.D. (Docket #104). The Plaintiffs have responded to the Defendants' motion (Docket #109). This matter is now ripe for adjudication. For the following reasons, the Defendants' motion to recover expenses is **DENIED**.

**DISCUSSION**

Federal Rule of Civil Procedure 26(g)(3) states:

(3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Courts use their discretion to determine whether or not to impose sanctions over an abuse of the discovery process under FRCP 26(g)(3). *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. Appx. 730, 742 (6th Cir. 2002). In using its discretion, a Court must look to see if the party in question demonstrated bad faith. *Id.*

Here, the procedural background and trial record show that the Plaintiffs did not use bad faith in deposing Drs. Meriwether and McDonald for a second time. The Court recognizes that

both sides had to make appropriate adjustments concerning their experts before the trial began in May 2005, as more evidence and medical conclusions came out before the start of the trial. However, both parties relied on the subsequent depositions of Drs. Meriwether and McDonald, as both the Plaintiffs and the Defendants used their testimonies before and during the course of the trial.  Therefore, the Court sees no reason why the Plaintiffs should pay the deposition expenses of the Defendants in this matter.

**IT IS SO ORDERED:**

The Defendants' Motion for Expenses is **DENIED**.